UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANDREW WALKER,

               Petitioner,

v.                                     Case No.:    5:24-cv-258-SPC-PRL

WARDEN, FCC COLEMAN -
LOW,

               Respondent.

_____/

## OPINION AND ORDER

Petitioner Andrew Walker initiated this action pro se by filing a petition pursuant to 28 U.S.C. § 2241. (Doc. 1). Walker is a United States Bureau of Prisons (BOP) inmate confined at the Federal Correctional Complex in Coleman, Florida. Walker claims his substantive due process rights were violated during disciplinary proceedings that resulted in losing good time credits. Specifically, he argues that the disciplinary conviction was not supported by evidence. After reviewing the pleadings, including all documents related to Walker's disciplinary hearing, the Court finds he is not entitled to habeas relief.

# I.   BACKGROUND

Walker is serving an aggregate 260-month prison term.   At 11:05 p.m. on March 19, 2023, a BOP staff member was conducting rounds of Walker's unit when they walked by cube 122 and saw Walker in possession of what appeared to be a cell phone. (Doc. 6-1 at 8).   The staff member instructed Walker to hand over the phone, at which time Walker instead handed it to another inmate and then tried to exit the cube area.   *Id.*   While the staff member was instructing Walker to step to the back of the cube and for both inmates to hand over the cell phone, the staff member noticed another inmate moving around in the bottom bunk.   Once additional staff arrived, the other inmate was searched and nothing was found on his person.   At 11:07 p.m., staff searched cube 122 and found a blue Motorola smartphone hidden in a tucked-in sheet attached to the bottom of the top bunk that was assigned to another inmate.   Walker was escorted to the lieutenant's office, and then the Special Housing Unit, without further incident.   *Id.*

Walker was issued an incident report for a violation of Bureau of Prisons Code 108, possessing a hazardous tool and Code 307, refusing to obey an order. *Id.*   Walker was provided with a copy of a rewritten incident report on March 22, 2023, advising him of the charges against him.   *Id.*   A BOP lieutenant was assigned to investigate the charges, and Walker was interviewed as part of the investigation.   *Id.* at 10.   The lieutenant read Walker the contents of the

report and Walker stated, "That's not what he saw me hand off, it was his tablet. I don't live in that cell." *Id.* The lieutenant noted the incident report was not served within 24 hours due to it being rewritten. Based on the body of the incident report, the chain of custody, and photo sheet, the investigator concluded Walker had been properly charged and recommended the incident report be processed as written. *Id.* The matter was forwarded to the Unit Discipline Committee (UDC) and was heard by the UDC on March 24, 2023. *Id.* at 9. At the UDC hearing, Walker was again given an opportunity to make a statement; he stated, "I gave him a tablet and I don't live in that room." *Id.* Due to the severity of the incident report, the UDC referred the matter to the Disciplinary Hearing Officer (DHO). *Id.* On March 24, 2023, Walker was given notice of the DHO hearing. *Id.* at 14. He was also advised of his rights during the disciplinary process. *Id.* at 17. Walker was given the opportunity to have a staff representative assist him during the hearing and to call witnesses to testify on his behalf; he declined both. *Id.* at 14.

The DHO hearing was held on March 31, 2023. *Id.* at 19. The DHO reviewed Walker's due process rights at the time of the hearing. Walker stated he understood his rights and had no documentary evidence to present. Walker stated he was ready to proceed with the hearing. *Id.* at 20. Walker denied the charge before the DHO and stated, "I walked in the cube and handed [redacted] his tablet. The officer said give me the phone. I said I did

not have one.   He patted me down and found nothing.   They were taking me to R&D to be scanned when the radio called saying they found a phone."   *Id.* at 19.   The DHO noted the original incident report was written on March 20, 2023, and Petitioner was given a copy that same day; however, the UDC requested a rewrite of the incident report due to a typographical error where the date of the incident was incorrect.   *Id.* at 20, 24.   The DHO noted the corrections were made on March 22, 2023, and Walker received a copy that same day.   *Id.* at 20.   The DHO noted the delay did not impact Walker's ability to present a defense.   *Id.*   The DHO found the officer was clear in the body of his written report that he saw Walker hand a cellular phone to another inmate and then when ordered to hand it over, the other inmate was observed moving around the bunk where the cell phone was later located.   *Id.* at 21 The photograph correlates with the staff member's description and depicts a blue Motorola cell phone.   The DHO noted and considered that Walker denied the charge and stated he was returning the other inmate's tablet.   However, the DHO gave greater weight to the staff member's account of the incident, finding the staff member's statement and observations more credible and believable than Walker's.   The DHO found no evidence, and Walker did not provide any evidence, to indicate the staff member conspired to falsely accuse Walker of misconduct.   Additionally, the DHO believed that if it was a tablet Walker had in his hand, he would have handed it to the officer when asked,

instead of passing it to another inmate and trying to immediately exit the cube. Lastly, the DHO determined Walker had much to lose by accepting responsibility or being truthful in this matter. Following a review of the evidence, including the staff member's eyewitness account of the incident, the photograph, and the written report, the DHO determined Walker committed the prohibited act of possession of a cellular phone, a violation of Code 108. *Id.* The charge of refusing to obey an order, a violation of Code 307, was dismissed. The DHO sanctioned Walker with 41 days disallowance of good conduct time and 30-day forfeiture of good conduct time, as well as the loss of certain privileges. *Id.* The DHO report was completed on April 13, 2023, and Walker was provided with a copy on April 14, 2023. *Id.* at 22.

Walker now petitions for a writ of habeas corpus under 28 U.S.C.§ 2241. Respondent Warden opposes the petition because Walker received all the required due process throughout his proceedings. Walker filed a reply.

## II.    STANDARD OF REVIEW

"The federal courts cannot assume the task of retrying all prison disciplinary disputes." *Young v. Jones*, 37 F.3d 1457, 1460 (11th Cir. 1994) (quoting *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981)). Instead, when reviewing claims involving prison disciplinary proceedings, a federal court is limited "to determin[ing] whether an inmate receive[d] the procedural protections provided by *Wolff* and whether 'some evidence' exists which

supports the hearing officer's determination." *Young*, 37 F.3d at 1460; *see also*

*Superintendent v. Hill*, 472 U.S. 445, 454 (1984) ("We now hold that revocation

of good time does not comport with the minimum requirements of procedural

due process unless the findings of the prison disciplinary board are supported

by some evidence in the record." (cleaned up)).    Specifically:

> This ["some evidence"] standard is met if "there was some evidence
> from which the conclusion of the administrative tribunal could be
> deduced . . . ."  Ascertaining whether this standard is satisfied
> does not require examination of the entire record, independent
> assessment of the credibility of witnesses, or weighing of the
> evidence.  Instead, the relevant question is whether there is any
> evidence in the record that could support the conclusion reached
> by the disciplinary board . . . .  Prison disciplinary proceedings
> take place in a highly charged atmosphere, and prison
> administrators must often act swiftly on the basis of evidence that
> might be insufficient in less exigent circumstances.  The
> fundamental fairness guaranteed by the Due Process Clause does
> not require courts to set aside decisions of prison administrators
> that have some basis in fact.

*Id.* at 455–46 (citations omitted).

In *Wolff v. McDonnell*, the Supreme Court set forth the minimum due

process requirements to be accorded prisoners facing disciplinary proceedings

that could cause the loss of a protected liberty interest: (1) the inmate must

receive written notice of the charges at least 24 hours before the proceeding;

(2) the inmate "should be allowed to call witnesses and present documentary

evidence in his defense when permitting him to do so will not be unduly

hazardous to institutional safety or correctional goals"; and (3) the inmate

must be given "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." 418 U.S. at 564-66 (internal quotations omitted). The Court now reviews Walker's disciplinary proceedings for the *Wolff* requirements and for "some evidence" supporting the DHO's determination. It is not the Court's role to make new credibility decisions and reweigh evidence in this context–Walker does not get a retrial.

## III. DISCUSSION

Walker challenges his disciplinary proceedings because he alleges the DHO officer relied "upon no actual evidence but rather, only on supposition[.]" (Doc. 1 at 6). Respondent asserts Walker's due process rights were not violated under *Wolff* and the DHO's decision meets the "some evidence" standard. Again, Walker does not receive a fresh look at his case from the Court. If his due process rights were met, the DHO's decision should be upheld.

First, the *Wolff* requirements. Walker was provided written notice of the charge against him the same day the incident report was written. (Doc. 6-1 at 8, 24). He was notified of the hearing one week in advance. *Id.* at 14, 17. He was advised of his rights, and he declined the option to request a staff representative or call witnesses to testify on his behalf. *Id.* at 14. Finally, he was given a written form explaining the basis for the DHO's decision. *Id.* at 19–22. The *Wolff* requirements were therefore satisfied.

Walker primarily argues that the DHO decision was not supported by any evidence because he maintains that he did not possess a cellphone, the officer only stated he observed Walker possess what appeared to be a cellphone, and the cellphone was recovered in a cell to which Walker was not assigned. (Docs. 1 at 6, 11–14; 7 at 1–6). But the DHO did not see it that way. The DHO's conclusion was based on the officer's statement, the incident report, and a photograph of the cellphone. At his hearing, Walker denied possessing a cellphone and said he was handing an authorized tablet to the other inmate. However, moments later, a cellphone was recovered in the cell where Walker was seen handing an item to the other inmate. Even if one disagrees with the DHO's decision, it cannot be said that the DHO had no evidence to support its conclusion. The standard is a low bar. An officer stating he saw Walker hand a cellphone to another inmate and a cellphone being recovered soon thereafter is at least "some evidence" that he had it.

Under this minimal evidentiary burden, Walker's § 2241 petition fails. Because the *Wolff* requirements were met and the evidence meets the "some evidence" standard, Walker's petition fails to state a due process claim.

Accordingly, it is now

**ORDERED:**

1. Petitioner Andrew Walker's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED.**

2.  The Clerk is **DIRECTED** to enter judgment, terminate any pending

motions and deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on August 29, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:   OCAP-2
Copies: All Parties of Record